[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12096

Non-Argument Calendar

_____

HARVEY R. JOHNSON,

Plaintiff-Appellant,

*versus*

OFFICER JASON COOKE,
LIEUTENANT KEVIN BURDEN,
LIEUTENANT BOBBY ROY,
LIEUTENANT JOSEPH FREEHILL,
WARDEN, et al.,

Defendants-Appellees,

2                     Opinion of the Court                     21-12096

WARDEN, FCI MIAMI, et al.,

                                                                    Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:15-cv-21790-JAL

_____

Before WILSON, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Harvey Johnson, a former federal prisoner proceeding pro se, appeals the district court's grant of summary judgment[1] in favor of several Bureau of Prison (BOP) staff members, arguing that *Bivens*[2] should be extended to allow him to

---

[1] We review a district court's order granting summary judgment de novo, viewing all the evidence, and drawing all reasonable inferences, in favor of the non-moving party. *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 767 (11th Cir. 2005) (per curiam). Summary judgment is appropriate when the record shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

recover money damages for his First Amendment retaliation claims.

Under *Bivens*, injured plaintiffs can bring a cause of action for damages against federal officers based on violations of their constitutional rights. *Behrens v. Regier*, 422 F.3d 1255, 1263 n.15 (11th Cir. 2005). But the Supreme Court disfavors the expansion of *Bivens* beyond the three specific contexts[3] in which it has already been applied. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017). The Supreme Court also held that, generally, *Bivens* will not be extended to a new context where special factors counsel hesitation with no affirmative action by Congress. *Id.* at 1857. Although the Supreme Court did not define the phrase "special factors counseling hesitation," it stated that "the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id.* at 1857–58.

In *Egbert v. Boule*, a recent Supreme Court decision, the plaintiff asserted a First Amendment claim under *Bivens* against a Border Patrol Agent based on allegations that the agent retaliated against him after he filed a grievance with the agent's supervisors, and an administrative claim with the Border Patrol, under the

---

[3] *Bivens* has been applied in the context of a Fourth Amendment case involving an unreasonable search and seizure, a Fifth Amendment gender-discrimination case, and an Eighth Amendment case involving cruel and unusual punishment for denial of medical treatment. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854–55 (2017).

Federal Tort Claims Act.  142 S. Ct. 1793, 1801–02 (2022).  The Supreme Court held that the court of appeals plainly erred when it created a cause of action for the First Amendment retaliation claim. *Id.* at 1804.  It explained that, in determining whether to infer a cause of action under *Bivens*, "[a] court faces only one question: whether there is *any* rational reason (even one) to think that *Congress* is better suited to 'weigh the costs and benefits of allowing a damages action to proceed'" than the judiciary.  *Id.* at 1805 (citing *Ziglar*, 137 S. Ct. at 1858).  Ultimately, the Supreme Court determined that the judiciary is ill equipped to alter the framework established by the political branches for addressing conduct that allegedly violates the Constitution, "especially . . . when it comes to First Amendment claims."  *Id.* at 1808.

Although the district court did not have the benefit of *Egbert*, the district court clearly noted that "Congress is in the better position than the Court" to consider the costs and benefits of allowing a new *Bivens* claim for damages to proceed.  Considering that the district court correctly followed the inquiry from *Ziegler*, the district court was correct in not extending *Bivens* to the First Amendment retaliation claims.

Thus, given the Supreme Court's recent, express refusal to extend *Bivens* to First Amendment retaliation claims and the district court's analysis that Congress is better suited to weigh the costs and benefits of permitting federal prisoners to bring actions for money damages against BOP staff, the district court correctly

21-12096               Opinion of the Court                    5

granted summary judgment in the BOP staff members' favor.  Accordingly, we affirm.

**AFFIRMED.**